Appellant Jennifer Jeter appeals the October 22, 1998 Judgment Entry of the Stark County Court of Common Pleas, Juvenile Division, granting permanent custody of her minor child, Honesty Jeter, to appellee the Stark County Department of Human Services ("SCDHS").
 STATEMENT OF THE FACTS AND CASE
On September 12, 1997, SCDHS filed a complaint in the Stark County Court of Common Pleas, Juvenile Division, alleging Honesty Jeter (DOB 9/8/97) to be a neglected and/or dependent child. The allegations were based upon the following facts: Honesty was born testing positive for crack cocaine, and appellant admitted using crack cocaine and marijuana on a regular basis during her pregnancy.
At a pre-dispositional hearing for interim custody, the magistrate ordered appellant and the child to remain in the home of appellant's grandmother. The magistrate further ordered appellant to obtain an evaluation at Quest Recovery Services and follow all recommendations. SCDHS established a case plan which also required appellant to obtain a Quest evaluation and continue with follow-up counseling. The case plan further required appellant to attend Goodwill parenting classes. An adjudicatory hearing was conducted on October 10, 1997. Neither appellant nor the putative father[1] appeared at that hearing.
On October 22, 1997, SCDHS filed a motion for immediate review based upon appellant's failure to abide by the court's order she and the child remain with appellant's grandmother. Additionally, appellant canceled two appointments for her Quest evaluation and dropped only one urine specimen as of October 16, 1997, which tested positive for cocaine and marijuana. The trial court scheduled an emergency shelter care hearing for October 23, 1997. At the hearing, appellant stipulated probable cause existed for the issuance of the emergency shelter care order and the placement of the child in such care. The magistrate ordered temporary custody of Honesty be awarded to SCDHS and ordered appellant to have supervised visitation with the child at Harmony House.
SCDHS amended the complaint to allege dependency only. On December 8, 1997, the trial court conducted hearings on the allegations of dependency and SCDHS's request for temporary custody. Via Judgment Entry dated December 9, 1997, the trial court found Honesty to be a dependent child. The trial court ordered Honesty be temporarily committed to the custody of SCDHS via Judgment Entry also dated December 9, 1997.
At the semi-annual review hearing, the trial court found appellant had maintained her visits with the child although she was incarcerated at the time of the hearing. The trial court found appellant failed to complete substance abuse treatment and was terminated from Goodwill parenting classes due to poor attendance. The trial court continued temporary custody with SCDHS. On August 7, 1998, SCDHS filed a motion for permanent custody, asserting the severe and chronic chemical dependency of appellant made her unable to provide an adequate, permanent home for the child at the present time and in the foreseeable future. SCDHS further maintained appellant had demonstrated a lack of commitment toward Honesty by failing to regularly visit, support, or communicate with the child when able to do so. SCDHS also noted appellant had been repeatedly incarcerated which prevented her from providing care for Honesty.
At the permanent custody hearing, Sue Snyder, the SCDHS family service worker assigned to the case in January, 1998, testified her contact with appellant had been limited. Snyder testified appellant was unable to be involved in the case plan due to her repeated incarcerations. Regarding the Goodwill parenting classes, Snyder testified appellant had signed up for the classes, but failed to attend. When Snyder confronted appellant about her failure to obtain a substance abuse evaluation and to attend the parenting classes, appellant informed Snyder she would return to Quest and Goodwill. To Snyder's knowledge, appellant never followed through with either Quest or Goodwill.
Snyder detailed the inconsistency of appellant's visits with Honesty. Between January 26, 1998, and July 20, 1998, appellant failed to appear for two of the nine scheduled visits, arrived between twenty-five and thirty-five minutes late for three of the nine visits, and attended four of the visits. The visitation schedule allowed appellant to visit Honesty every two weeks. Appellant had not visited Honesty since July 20, 1998. Given appellant's repeated involvement in illegal activities, her lack of initiative in her case plan, her sporadic visitation with the child, and her inability to stabilize her own life, Snyder expressed concerns over the child being returned to appellant's custody.
After the completion of Snyder's testimony, SCDHS rested its case. Appellant's counsel and counsel for SCDHS stipulated to a letter from Goodwill verifying appellant's failure to attend and complete parenting classes. The trial court also reviewed the written report of the guardian ad litem.
Based upon the testimony of Sue Snyder, the trial court found Honesty could not or should not be placed with appellant within a reasonable time. Based upon the recommendations of the guardian ad litem, the trial court found it was in Honesty's best interest to grant permanent custody of her to SCDHS. The court noted reasonable efforts, in terms of an appropriate case plan, were made to prevent the need for removal of the child and make it possible for Honesty to return home, but such efforts did not prevent the removal or permit the return of the child because appellant did not comply with the case plan. Via Judgment Entry filed October 22, 1998, the trial court granted permanent custody of Honesty Jeter to SCDHS and ordered appellant be divested of any and all of her parental rights, privileges, and obligations.
It is from this judgment entry appellant appeals, raising the following assignments of error:
 I. THE JUDGMENT OF THE TRIAL COURT THAT THE MINOR CHILD CANNOT OR SHOULD NOT BE PLACED WITH THE APPELLANT WITHIN A REASONABLE TIME WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.
 II. THE JUDGMENT OF THE TRIAL COURT THAT THE BEST INTERESTS OF THE MINOR CHILD WOULD BE SERVED BY THE GRANTING OF PERMANENT CUSTODY WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.
Any other facts relevant to our discussion of appellant's assignments of error shall be contained therein.
 I II
In her first and second assignments of error, appellant raises manifest weight and sufficiency of the evidence claims relative to the trial court's granting permanent custody to SCDHS and finding it was in Honesty's best interest to do so.
We are not fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v.Jeffries (Feb. 10, 1982), Stark App. No. CA-5758, unreported. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Constr. (1978), 54 Ohio St.2d 279.
The statute relevant to our review of the trial court's decision is R.C. 2151.414, which provides, in pertinent part:
 (B) The court may grant permanent custody of a child to a movant if the court determines at the hearing held pursuant to division (A) of this section, by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody and that any of the following apply:
 (1) The child is not abandoned or orphaned and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents;
* * *
In determining the best interest of a child, R.C. 2151.414(D) states, in part:
 (D) . . . the court shall consider all relevant factors, including, but not limited to, the following:
 (1) The interaction and interrelationship of the child with his parents, siblings, relatives, foster parents and out-of-home providers, and any other person who may significantly affect the child;
 (2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
(3) The custodial history of the child * * *;
 (4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;
* * *
We find the trial court's finding it was in Honesty's best interest to grant SCDHS's motion for permanent custody is not against the manifest weight or the sufficiency of the evidence.
Sue Snyder testified, although Honesty was born with a crack cocaine addiction, the child has no developmental delays. Snyder noted Honesty suffers from one medical problem, an asthma-like condition. Since birth, Honesty has been in foster care. Her foster family appropriately addresses her medical needs and would like to adopt the child. Snyder stated the child showed no signs of recognition or distress during her last visit with appellant in July, 1998. In her report, Susan Jeffries, the guardian ad litem, recommended SCDHS be granted permanent custody of the child. Jeffries noted the child had bonded with her foster family. The guardian further stated the foster family is taking care of all of Honesty's needs. The child is being loved and nurtured by the family.
However, a best interest determination is not sufficient to award permanent custody of a child to an agency and divest parents of their parental rights. In the instant case, the trial court further found, pursuant to R.C. 2151.414(B)(1), the child was not abandoned or orphaned and could not be placed with appellant within a reasonable time or should not be placed with appellant.
The record reveals, despite appellant's repeated statements she would attend Quest and Goodwill in order to comply with her case plan, she failed to do so. In the ten months preceding the hearing, appellant had been incarcerated on three occasions. Additionally, appellant had been incarcerated on at least two other occasions during the two years prior to the permanent custody hearing. The repeated incarcerations prevented appellant from providing an adequate home for Honesty and prevented appellant from consistently visiting the child. Accordingly, we find permanent custody was a proper disposition.
Based upon the foregoing, we find the trial court's finding it was in Honesty's best interest to grant permanent custody to SCDHS and finding the child could not or should not be placed with appellant within a reasonable period are not against the manifest weight or the sufficiency of the evidence.
Appellant's first and second assignments of error are overruled.
The judgment of the Stark County Court of Common Pleas, Juvenile Division, is affirmed.
By: Hoffman, J., Wise, P.J. and Gwin, J. concur.
---------------------------
---------------------------
 --------------------------- JUDGES
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas, Juvenile Division, is affirmed. Costs assessed to appellant.
---------------------------
---------------------------
 --------------------------- JUDGES
[1] The putative father is not a party to this appeal.